IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TROY KENTRELL MCCLENDON,**  **PLAINTIFF**
**# 175714**

**VERSUS**  **CIVIL ACTION NO. 3:15cv130-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS and PORTIA MOORE**  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DISMISSING MDOC

This matter is before the court *sua sponte*. *Pro se* plaintiff Troy Kentrell McClendon is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings a claim for excessive force. The court has considered and liberally construed the pleadings. As set forth below, defendant MDOC is dismissed.

### BACKGROUND

McClendon sues both MDOC and correctional officer Portia Moore. He claims that while he was housed at the Central Mississippi Correctional Facility, he worked in the kitchen, under Moore's supervision. McClendon alleges that he accidentally bumped into her with a pot of beans, when she stepped in front of him. According to the Complaint, when McClendon was making sure Moore was uninjured, Moore stabbed him in the left arm, with her pen. McClendon seeks damages, as a result.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The court has permitted McClendon to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, McClendon sues MDOC for excessive force.  He sues this defendant under Title 42 U.S.C. § 1983 and state law.  He seeks damages.

SECTION 1983

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Title 42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is

considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, the § 1983 claims against MDOC are dismissed.

MTCA

To the extent MDOC is sued under the Mississippi Tort Claims Act, these claims are likewise dismissed.  The Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."  Miss. Code Ann. § 11-46-5(4).  Therefore, MDOC is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, defendant Mississippi Department of Corrections is **DISMISSED**.  The Title 42 U.S.C. § 1983 claims for damages against it are dismissed with prejudice.  The state law claims against this defendant are dismissed without prejudice.  The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 11th day of June, 2015.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE
